# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 313-01037 |
| BRENDA RUTH WILHOITE, ) | Judge Marian F. Harrison |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ) | |
| BRENDA R. WILHOITE, ) | Adv. No. 316-90035 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MURRAY O. WILHOITE, JR., ) | |
| ) | |
| Defendant/Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| BRENDA R. WILHOITE, ) | |
| ) | |
| Counter-Defendant. ) | |

_____

## MEMORANDUM OPINION
_____

This matter came to be heard upon the debtor's Motion to Enforce Settlement Agreement Combined with Motion to Dismiss the above-styled adversary proceeding and the defendant's Motion for Entry of Default. The Court took the matter under advisement to review all the pleadings and exhibits, including particularly the Marital Dissolution

Agreement, as incorporated into the Final Decree for Divorce, entered on February 8, 2016, in the Chancery Court for Williamson County, Tennessee.

The pertinent part of the February 8, 2016, Marital Dissolution Agreement reads as follows:

> 16. <u>Waiver and Release of all claims</u>
>
> For and in consideration of each parties' separate submission to the terms and conditions contained within this Agreement and evidenced by each parties' execution hereto, each party does hereby release and waive any claim, existing as of the date of this Agreement, of liability of any type–contractual, tortious, equitable or otherwise–against the other party, the other party's attorney or agent in this matter, or any related or unrelated matter.

It is hard to imagine a broader release than that presented in the final decree, and it applies to all possible claims for either party predating February 8, 2016.

Without knowing of the Final Decree for Divorce, the debtor's bankruptcy attorney filed this complaint for damages and attorney fees against the defendant. The complaint asserted that the defendant willfully violated the automatic stay by filing a complaint against the debtor in the Chancery Court for Williamson County on January 11, 2016. When the defendant filed the state court complaint, he had ample knowledge of the debtor's pending

Chapter 13 case because he had participated in the bankruptcy earlier through affidavits and testimony. When the debtor's bankruptcy attorney learned of the Final Decree of Divorce, he attempted to dismiss the adversary and requested that the defendant dismiss his counterclaims because the divorce decree settled all claims existing before February 8, 2016. The defendant refused, even though in his response to the Motion to Enforce the Settlement Agreement Combined with Motion to Dismiss, he admitted in paragraph eight on page three that "[a]ll of the allegations in defendant's counterclaim relates (sic) to events which occurred prior to the Marital Dissolution Agreement and prior to the filing of the Chapter-13 Bankruptcy case on February 8, 2013."

The defendant's sole argument is that he did not know the stay violation action in bankruptcy court had been filed when he signed the Marital Dissolution Agreement. This argument has no teeth since the stay violation alleged occurred before the divorce decree and its broad release. Most importantly, the defendant has admitted that his counterclaims in that litigation all concerned events that happened even before the debtor's Chapter 13 case was filed in 2013. Those counterclaims are clearly covered by the all-encompassing release in the divorce decree which was entered years later.

The debtor's Motion to Enforce Settlement Agreement Combined with Motion to Dismiss must be granted, and consequently, the defendant's Motion for Default must be denied.

3 - U.S. Bankruptcy Court, M.D. Tenn.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.